# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MORGAN OTTMANN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

   vs.

NATIONWIDE CREDIT, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 18-cv-368

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.     Plaintiff Morgan Ottmann ("Ottmann") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5.     Defendant Nationwide Credit, Inc. ("Nationwide") is a debt collection agency with its principal offices located at 1000 Abernathy Road, Suite 200, Atlanta, GA 30328

6.     Nationwide is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Nationwide is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8.      Nationwide is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9.      On or about May 8, 2017, Nationwide mailed a debt collection letter to Ottmann regarding an alleged debt owed to "Chase Bank USA, N.A." ("Chase"). A copy of this letter is attached to this complaint as Exhibit A.

10.      Upon information and belief, the alleged debt referenced in Exhibit A was a personal credit card account and used only for personal, family, or household purposes.

11.      Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Ottmann inserted by computer.

12.      Upon information and belief, Exhibit A is a form debt collection letter used by Nationwide to attempt to collect alleged debts.

13.      Exhibit A lists the "Account Balance" as $1,714.30.

14.      Exhibit A also lists a "Settlement Offer" for $685.72.

15.      Additionally, a payment schedule for the settlement offer is detailed as follows:

You can settle this account according to the payment arrangement shown in the table below:

| Payment No. | Payment Recieved by NCI | Payment Amount | | Payment No. | Payment Recieved by NCI | Payment Amount |
|---|---|---|---|---|---|---|
| 1 | 05/22/2017 | $228.57 | | | | |
| 2 | 06/22/2017 | $228.57 | | | | |
| 3 | 07/24/2017 | $228.58 | | | | |

Exhibit A.

16.      Ottmann was led to believe that she would not be able to settle the debt for $685.72, or less, if she did not settle the debt according to the payment scheduled detailed in Exhibit A.

2

17. The settlement offer in <u>Exhibit A</u> falsely states or implies that the settlement offer is valid only if the payments are received in accordance to the schedule listed in above referenced table.

18. Upon information and belief, Nationwide had authority from Chase to settle the account at the amount specified, or less, at any time.

19. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

20. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

21. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

22. Nationwide did not use the safe harbor language in <u>Exhibit A</u>.

23. Upon information and belief, the deadline in <u>Exhibit A</u> to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

24. Ottmann was confused and misled by <u>Exhibit A</u>.

3

25. The unsophisticated consumer would be confused and misled by Exhibit A.

26. Ottmann had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

27. Ottmann had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to obtain counsel on the consequences of Exhibit A.

### *The FDCPA*

28. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey*

4

*Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

29. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

30. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

32. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

33. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

### COUNT I – FDCPA

34. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Exhibit A includes false statements to the effect that the settlement offer is for a limited time only.

36. Upon information and belief, the creditor and/or Nationwide would settle Plaintiff's debt at the offered discount and likely for less at any time, regardless of the supposed deadline.

6

37.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## CLASS ALLEGATIONS

38.     Plaintiffs brings this action on behalf of a Class consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between March 8, 2017 and March 8, 2018, inclusive, (e) that was not returned by the postal service.

39.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

40.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

41.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

7

(c)      attorneys' fees, litigation expenses and costs of suit; and

(d)      such other or further relief as the Court deems proper.

Dated: March 8, 2018

**ADEMI & O'REILLY, LLP**

By:    s/ John D. Blythin
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Jesse Fruchter (SBN 1097673)
        Ben J. Slatky (SBN 1106892)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        jfruchter@ademilaw.com
        bslatky@ademilaw.com

8
